UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND


MARSHA S. JACAVONE

       PLAINTIFF


    VS.

                                    CASE NO. 1:18-CV-00081-JJM

FEDERAL NATIONAL MORTGAGE            CIVIL AMENDED COMPLAINT

ASSOCIATION,  BANK OF AMERICA          JURY DEMANDED

SERVICING,  DITECH FINANCIAL SERVICES, LLC.   RESPONSE TO DEFENDANT'S
                                          MOTION TO DISMISS

       DEFENDANTS

AMENDED COMPLAINT  IN RESPONSE TO

DEFENDANTS "MOTION TO DISMISS"


This Amended Complaint/Response to Defendant's "Motion To Dismiss", sets forth, in paragraph

Form, the facts and allegations upon which the case is based, along with a request for damages.

All relevant facts and the specific theories of what it is that the Defendants allegedly did wrong

Is contained in this Complaint.  The negligent conduct the Defendants allegedly committed is

Contained in this Complaint.  The agreements the Defendants entered into with the Plaintiffs

Constituted a BREACH OF CONTRACT.  It is contained in this Complaint ,which will spell out the

specific relief requested,  which is specific enough to apprise the Defendants. (Page 1)

of exactly what they have alleged to have done wrong. This Complaint is the plan or

Framework of everything they must prove by a preponderance of the evidence at trial.


AND NOW, comes the Plaintiff, Marsha S. Jacavone, Pro se, and alleges the following:

1. Plaintiff is an adult and competent individual residing at 200 Shun Pike,  Johnston, Rhode Island, 02919.
2. At all times relevant, the Plaintiff was married to Rocco N. Jacavone.
3. Defendants are competent adults . Defendant, Federal National Mortgage Association is Located at 3900 Wisconsin Avenue, N.W., Washington D.C. 20016 and P.O. Box 650043, Dallas, Texas 75265-0043. Defendant, Bank of America is located at 800 Samoset Drive, Newark, DE. 19713 and 818 W. 7th Street, 2nd floor, Los Angeles, Ca. 90017. Defendant  Ditech Financial, LLC is a mortgage servicing company with headquarters at 1100 Virginia Drive, Suite 100A, Fort Washibgton, PA.  19034 and 1501 N. Plano Road, Suite 100, Richardson, TX. 75081.
4. Defendants unlawfully entered into a contract to modify plaintiff's husband's loan, knowing
5. That the loan should be modified after plaintiff's husband complied with all terms and
6. Conditions of the Trial Payment Period and sent in all requested and required documents
7. For modification of his loan, but failed to modify plaintiff's husband's loan by the modifi-
8. Cation date, even after they promised to do so, including estimating the monthly payment.
9. Their  negligence to modify the plaintiff's husband's loan as promised harmed the plaintiff
10. And her husband.
11. The Defendants were reckless, careless and negligent in their duty to modify plaintiff's
12. Husband's loan.


COUNT 1 – BREACH OF CONTRACT AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff v. Defendant

13. Plaintiff incorporates by reference the allegations contained in paragraph's 1-12 above as

    If same were set forth herein at length .

14. At all times relevant to this matter defendants breached the Modification Contract they

    Entered into with the plaintiff's husband.

15. At all times material hereto,  the Plaintiff acted with due diligence and care to modify  his
16. Modification contract with the defendant-lender, Bank of America, and was not negligent
17. And careless when signing the modification contract.

[2]

18. Furthermore, as a direct and proximate result of the above-mentioned negligence of the Defendant who was obligated to modify the plaintiff's loan under due process and promissory-estoppel, breaking their promise and reneging on their end of the bargain,
19. Resulting in the foreclosure of the couple's home, the Plaintiff has suffered humiliation,
20. And embarrassment, harm and emotional distress, and permanent impairment to her
21. Detriment and loss.
22. As a further result of the Negligence of the Defendant and the resulting foreclosure of
23. The Plaintiff's home, the Plaintiff has no hope in the future of becoming an owner again,
24. All to the detriment and loss of her home in which she had clear title to
25. Plaintiff alleges that she and her husband complied with ALL OBLIGATIONS OF THE TRIAL
26. PAYMENT PROGRAM.

In Count 1- Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing,

Plaintiff's husband entered into a contract with the defendant Bank of America, and Bank of

America agreed to modify his mortgage. Plaintiff claims to have fulfilled his obligation under

The Contract by making three monthly payments in an agreed-amount, but that Bank of America

Breached their promise to deliver a modification-amended mortgage under the Trial Payment

Program, resulting in the foreclosure of plaintiff's mortgage and sale of her property.  Plaintiff

Alleges  that Bank of America, the servicing Company for Federal National Mortgage Association,

That the Bank's failure to permanently modify the mortgage constituted a breach of the covenant

Of good faith and fair dealing implicit in every contract. Plaintiff is making a viable claim under

Count 1 , arguing  that there was an enforceable contract that required Bank of America Servicing

To modify the terms of the loan, and that Plaintiff had other obligations to meet under the Trial

Payment Program that he successfully met besides making six payments ' where only three were

Required.

Plaintiff has  more than sufficiently alleged  . essential elements with her allegations:  "Competent

Parties, Subject Matter, a legal consideration, mutuality of obligation. "DeAngelis v. DeAngelis,

923 A. 2d 1274, 1279 (R.I. Five v. Med. Assocs. Of Bristol Cty., Inc. 668 A. 2d 1250, 1253 (R.I. 1996).

Plaintiff has more than sufficiently alleged these essential elements with his allegations that Bank

Of America offered to modify his loan if he꞉ made 3 monthly trial payments, and thaT plaintiff's

[3]

Husband made the payments, but the bank failed to modify the loan, as part of the contract, and

That plaintiff's husband honored other o. bligations in the contract, with all documents as evidenc e

Contained in this Complaint/Lawsuit, with Exhibits as well and with which plaintiff's husband fully

Complied with.  The argument turns the analysis proper at the 12b)(6) phase on its head; in

Considering a motion under Fed. R. Civ.P 12(b)(6), the court must draw all reasonable inferences in

Favor of the claimant, not the movant. Aulson v. Blanchard, 83 F. 3d 1.3(ist Cir. 1996) So viewed.

Plaintiff's pleading permits the inference that he fully performed by making the trial payments as

Agreed. Based on the 12(b)(6) mandate that the Court must assume that the facts as pled are true

And must draw all inferences in favor of the Plaintiff, these allegations are sufficient to state a

FACIALLY PLAUSIBLE CLAIM FOR RELIEF. (Young v. Wells Fargo Bank, N.A. 717 F.3d224, 224, 235 1st

Cir, 2013) because loan modification agreement "could plausibly be read in (plaintiff's ) favor,

And the complaint's allegations indicate that DEFENDANTS BREACHED THE CONTRACT BY FAILING

TO PROVIDE A PERMANENT MODIFICATION AGREEMENT BY THE MODIFICATION EFFECTIVE DATE, she

Has done enough to survive a motion to dismiss").


COUNT II – PROMISSORY EXTOPPEL.

Alternatively, Plaintiff alleges that he was induced to make the three monthly payments by

Defendant's representations that, in exchange, they would permanently modify his mortgage

Loan.  ECF No. 1-4, 22.  He claims that these representation s were intended to induce him to make

The payments, and did so induce him, and he relied on those representations. He pleads that

Defendants' FAILURE TO FOLLOW THROUGH WITH THEIR REPRESENTATIONS WAS THE DIRECT

AND PROXIMATE CAUSE OF THE FORECLOSURE OF HIS MORTGAGE AND FORECLOSURE SALE OF HIS

HOUSE. Defendants argue that the Estoppel Count must be dismissed because Plaintiff has failed

To plausibly allege the Defendants unambiguously promised to modify the loan,  as well as that he did

Not "adequately plead a plausible detriment that was caused by his reasonable reliance on /t alleged
                                                                                                  AN

[4]

Promise" . According to the Rhode Island Supreme Court, the doctrine of promissory estoppel

Is generally used as a substitute for CONSIDERATION, thereby "rendering a gratuitous promise

Enforceable as a contract." E. Providencve Credit Union v. Geremia, 239 A.2d 725, 727 (R.I. 1968).

The Rhode Island Supreme Court has identified three requisite elements: 1.  A clear and un-

Ambiguous promise; 2.  Reasonable and justifiable reliance upon the promise;  and  3.  Detriment

To the promise, caused by his or her reliance on the promise.

Cote v. Aiello, 148 A.3d 537 (R.I. 2016) (citing Filippi v. Filippi, 818 A.2d 608, 626 (R.I 2003).  In

His pleading,  Plaintiff alleges that Defendants made a clear promise to him that they would

Permanently modify the terms of his mortgage loan if he made the three payments.

Plaintiff presumably in some financial distress, scraped together the money and made the pay=

Ments, in plausible reasonable reliance on Defendants promise.  And Defendant reneging on their

Side of the bargain plausibly to the detriment in that he was LEFT without his money and without his

House.  Based on these allegations,  the Plaintiff has made a sufficient and plausible claim for

Promissory estoppel,  CF Adamson v. Mort. Elec. Registration Sys. Inc. 29 Mass L.  RPTR. 33, 2011 WI.

4985490, #5(Mass.Super. CT. Oct. 19, 2011) (applying Massachusettsd law).


IF, FOLLOWING THE FILING AND REVIEW OF THIS AMENDED COMPLAINT, IT IS DEEMED TO BE
SUFFICIENTLY SPECIFIC, AND, AT LEASED BASED UPON ITS ALLEGATIONS, APPEARS TO STATE A
RECOGNIZED CAUSE OF ACTION/CLAIM, THE COMPLAINT IS THENAPPROPRIATE FOR ANSWER AND
NEW MATTER.  NEW MATTER IS THE RAISING OF AFFIRMATIVE DEFENSES IN RESPONSE TO THE
ALLEGATIONS.  WITH RESPECT TO AVERMENTS  FOR ALLEGATIONS THAT CONSTITUTE A CONCLUSION
OF LAW, CONCLUSIONS OF LAW DO NOT REQUIRE AN ANSWER.

GENERALLY, THE DEFENDANT WILL DENY THAT IT IS NEGLIGENT AND STATE THAT SPECIFIC PROOF
OF SUCH NEGLIGENCE WILL BE REQUIRED AT TRIAL.  IN TERMS OF THE AFFIRMATIVE  DEFENSES, THE
DEFENDANT WILL LIKEWISE RAISE THOSE IN RESPONSE TO THE Complaint because a failure to raise
Those defenses can sometimes result in the waiver of those defenses.

WHEREFORE, FOR THE FOREGOING REASONS, PLAINTIFF IS FILING HER  AMENDED COMPLAINT OF
COUNTS 1 AND COUNT 2, WHICH LAY OUT HER CAUSES OF ACTION FOR HER LAWSUIT.

In citing the numbers 4 thru 9, Defendants were negligent in not modifying plaintiff's husbands

Loan as promised harmed the plaintiff's husband and the plaintiff who both had title to their home,

And that the plaintiff's husband and she were offered a modification of their home by Bank of America's

Servicing Company under a government program called HAMP, Home Affordable Modification

Program, where the government was allowing homeowners that were about to lose their homes

To foreclosure now be able to modify their loans to stay in their homes. The plaintiff had included

Exhibits in her previous amended complaints as evidence that her husband was sent documents

Regarding a TRIAL PERIOD PAYMENT PROGRAM stating the conditions of the program that would

Have to be followed in order to obtain a loan modification. The conditions were as follows:

  a.  Make three estimated monthly payments of $767.00.
  b.  Send in proof of income.
  c.  Submit tax returns.
  d.  Submit documents of workplace, length of employment, debt to income ratio.
  e.  Credit history, past and present.
  f.  Utility bills.
  g.  Car payments
  h.  Proof/statements of all assets and liabilities.
  i.  Any other debts incurred.
  j.  A Hardship Letter

THE DOCUMENTS/ALL OF THE ABOVE WOULD HAVE TO BE SENT BY A CERTAIN DATE IN

ORDER FOR THE SERVICING COMPANY TO REVIEW ALL THE DOCUMENTS, INCLUDING

THE TRIAL PERIOD PAYMENTS, WHICH WOULD BE HELD IN ESCROW, ALSO APPLIED TO

THE LOAN BEFORE THE ISSUE OF A MODIFICATION DATE.

The plaintiff's husband complied WITH every obligation set forth by Bank of America Servicing.

Because the Bank breached the contract, promising the husband a modification, which was

Perfectly legal, and did not keep ITS end of the bargain, under Promissory Estoppel, FAILURE

BY THE BANK TO FOLLOW THRU WITH ITS REPRESENTATIONS OF MODIFICATION CAUSED

THE PLAINTIFF'S HUSBAND HARM AND DETRIMENT BY LOSING HIS HOME TO FORECLOSURE,

INSTEAD OF STAYING IN HIS HOME.

[6]

The defendants, in their number 7 paragraph, page 16, of their Answer and other responses,

Under their MOTION TO DISMISS, states that on Page 17, "As noted by the Supreme Court in

Miller v. Wells Fargo Bank, N.A., 160 A 3d 975 (R.I. 2017), "we agree with the decision that, in

The absence of a contractual obligation on behalf of the lender to either modify the mortgage

Loan or exercise discretion in evaluating a potential modification, this claim for Breach of

Contract must fail, rather than mandate the exercise of discretion . That is completely false

And the bank may not foreclose for a default payment without first considering a loan modification,

Which it had every intention of doing when they offered the plaintiff's husband a TRIAL PERIOD

PAYMENT PLAN (COPIES OF THE PLAN ATTACHED). The mere fact that the defendant stated

"THE ABSENCE OF A CONTRACTUAL OBLIGATION", those words used by the Defendants are

Absolutely LUDICROUS, so foolish and out of place, as we all know that any and all banks, past

And present, have always offered loan modification to its customers. Bank of America entered

Into a contract which stated clearly that Mr. Jacavone will comply  with the terms and

Conditions of the contract fully, which he did. The Plaintiff has continually provided

evidence to this court, from the beginning of this litigation/lawsuit to the present, and this

Court must have reviewed documentation REGARDING EXHIBITS OF MATERIAL EVIDENCE, in

The way of the Trial Payments and additional documents, which I am providing again to this Court,

Pertaining to Loan Modification Documents. I CAN'T STRESS ENOUGH THE IMPORTANCE OF

The          loan Documents,  because this **ENTIRE CASE revolves around COUNT ONE,**

**BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

**AND COUNT TWO,  PROMISSORY ESTOPPEL.**

**In this Amended Complaint, I HAVE stated two recognizable claims, declaring relief for each**

**Claim, so that I DO HAVE RECOGNIZABLE CLAIMS, assuring this court that my COMPLAINT**

**SHOULD NOT BE DISMISSED.  If one part  of the Defendant Answer is incorrect on its face,**

[7]

referring to the facts regarding the Loan Modification , than the defendant's ENTIRE

RESPONSE/ANSWER should be corrected or dismissed, and the Plaintiff's Amended Complaint

Should not. PLAINTIFF HAS BEEN WORKING HARD TO MAKE HER CLAIMS RECOGNIZABLE.

She asks this honorable court to acknowledge her NEW MATTER TO HER AMENDED COMPLAINT

So that this lawsuit containing recognizable claims of COUNT ONE AND COUNT TWO NOT BE

DISMISSED. As earlier noted, the plaintiff is aware that the Complaint must meet certain factual

And procedural requirements and, if it does not properly achieve that end, which plaintiff believes

It does now. If, on the other hand, if this lawsuit still is too vague with respect to the allegations

Of wrongdoing, the plaintiff will file a more specific pleading. For now, Plaintiff believes that

Her AMENDED COMPLAINT does set forth two clear causes of action recognized under the law

And believes that Count One and Count Two causes of action are not defective as she pleaded

Out, and both should survive a MOTION OF DISMISSAL. SHOULD THIS COURT FIND CERTAIN PARTS

OR ALL PARTS OF HER AMENDED COMPLAINT SUFFICIENT, THE PLAINTIFF ASKS THAT THIS

HONORABLE COURT NOT DISMISS HER AMENDED COMPLAINT AND THAT HER LAWSUIT GO

FORWARD.

**WHEREFORE,**

1. **PLAINTIFF DEMANDS JUDGMENT IN HER FAVOR AND AGAINST THE DEFENDANT IN EXCESS OF $75,000.00, PLUS INTEREST AND COSTS.**

2. **PLAINTIFF ASSERTS A RIGHT TO REDEEM THE SUBJECT PROPERTY FROM FORECLOSURE PURSUANT TO R.I. GENERAL LAWS 34-26-1.**

   **Section 34-26-1 provides that "any person entitled in equity to redeem any mortgaged Property, whether real or personal, may prefer a complaint to redeem the property, Which complaint may be heard, tried and determined according to the usages in Chancery and the principles of equity.**

(8)

*CONCLUSION*

The Plaintiff has previously, in most of her Documents, submitted proof of the bank's

Intentions to modify her husband's bank loan by attaching to her pleadings/brief a TRIAL PAYMENT

PROGRAM which this court has in their possession, and which was made up of three trial period

Payments of $747.00, which the plaintiff and her husband paid and complied with. The plaintiff's

Husband signed and submitted documents other than the three checks, in which these documents

were: his proof of income, tax returns (W2 forms), utility proof of payments, household

Expenses, car payments, and other inclusions ,as well as a hardship letter stating that he needed

A lower monthly payment as he was unable to make his regular payments. Every piece of document/

Evidence showed his compliance with what the bank expected before the modification was approved.

The bank estimated a monthly payment amount which, in the plaintiff's husbands opinion, was

As close to a loan modification as could be expressed. As an example, if you hire a plumber to do

A job and that plumber gives you a written estimate, if you accept his estimate/offer, HE WILL THEN

DO THE JOB, because his offer is a solid commitment between both you and this plumber to do the

Job. If you agree with his estimate, then he is satisfied that you will expect him to do the work.

This example applies to Bank of America's Trial Period Payment Program, which gave the Jacavones

The opportunity to make estimated amount trial payments in exchange for a guaranteed loan modi-

Fication of their loan, along with expected documents to be submitted as well.

Estimating a new monthly amount is as close to establishing a modification and amended

Mortgage as one could get. The bank broke its promise and did not fulfill its obligations:

(Promissory Estoppel and the Covenant of Good Faith and Dealing).

As stated in all of the Plaintiff's pleadings, Bank of America Servicing representing Federal National

Mortgage Association together fraudulently promised the Jacavone's a modification of the husband's

(9)

Home loan and scammed them, induced them into believing that the loan would be modified if

They complied with the bank's expectations . They denied the modification after the Jacavone's

Did what was expected of them.

   FOR THE REASONS ABOVE, THIS  LAWSUIT SHOULD PREVAIL,  AND NOT BE DISMISSED.


I ATTEST AND DECLARE THAT ALL THE FACTS IN THIS AMENDED COMPLAINT AND RESPONSE TO

 DEFENDANT'S MOTION TO DISMISS ARE TRUE AND ACCURATE UNDER THE PENALTIES OF PERJURY

TO THE BEST OF MY INFORMATION AND KNOWLEDGE.


RESPECTFULLY SUBMITTED,

*Marsha S Jacavone*

MARSHA  S. JACAVONE,  PRO SE


DATED:   January 25, 2019

                    (10)

CERTIFICATE OF SERVICE

I ATTEST THAT I HAVE SENT A COPY OF MY AMENDED COMPLAINT /RESPONSE TO DEFENDANT'S

MOTION TO DISMISS THRU THE UNITED STATES POST OFFICE, CERTIFIED MAIL, ON JANUARY 25, 2019,

STAMPED THAT SAME DAY, TO THE FOLLOWING PERSONS/LOCATIONS:

UNITED STATES DISTRICT COURT/DISTRICT OF RHODE ISLAND

OFFICE OF THE CLERK/CARRIE

ONE EXCHANGE TERRACE

PROVIDENCE, R.I.  02903

JOHN S. MCNICHOLAS, ESQ. RI #8732

KORDE & ASSOCIATES, P.C.

900 CHELMSFORD STREET, SUITE 3102

LOWELL, MA.  01851

MARSHA S. JACAVONE

200 SHUN PIKE

JOHNSTON, R.I. 02919