UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARSHA S. JACAVONE,
    Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, BANK OF AMERICA,
N.A., and DITECH FINANCIAL
SERVICING, LLC,
    Defendants.

C.A. No. 18-81-JJM-LDA

## ORDER

This case involves various claims by homeowner Marsha S. Jacavone against mortgagee financial institutions. Ms. Jacavone's husband, Rocco N. Jacavone, Jr. was the sole borrower and mortgagor for a loan on their home, but he died in 2012. The mortgage was originally with Quicken Loans, which assigned it in 2012, through its nominee Mortgage Electronic Registration Systems, Inc., to Bank of America, N.A. ("BANA"), which subsequently assigned the mortgage to the Federal National Mortgage Association ("Fannie Mae") on January 7, 2013. Fannie Mae foreclosed on the property on November 4, 2016 and then bought the property through a foreclosure deed recorded on April 17, 2017.

Ms. Jacavone sued the financial institutional players in the history of this mortgage, and after dismissing some, asserts claims against Defendants BANA, Fannie Mae, and Ditech Financial Servicing, LLC ("Ditech"). The Court granted BANA's prior motion to dismiss. ECF No. 22.

Defendants Fannie Mae and Ditech Financial LLC now move to dismiss (ECF No. 56) and BANA renews its motion to dismiss.[1]  ECF No. 58.

The issue fatal to Ms. Jacavone's claims against all Defendants is that she was never the borrower or the mortgagor of the property—her deceased husband was.  Ms. Jacavone lacks standing to assert the claims she makes because they are all based on the promissory note, the mortgage, and the loan modification to which only her husband, who died in 2012, was a party.[2]

The Court thus GRANTS Fannie Mae and Ditech's Motion to Dismiss.  ECF No. 56.  The Court also GRANTS BANA's Motion to Dismiss.  ECF No. 58.  The Amended Complaint is dismissed on all claims against all Defendants.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

May 13, 2019

---

[1] BANA filed a renewed motion even though the Court had granted its Motion to Dismiss because Ms. Jacavone named BANA again in her amended complaint.

[2] Ms. Jacavone appears to try to assert standing on behalf of her late husband's Estate.  Because Rhode Island Gen. Laws § 9-1-21 requires the estate to bring claims by or against an estate within three years from the date of decedent's death, any claims on behalf of the Estate, even if proper, would be time-barred.